IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
NOV 21 2005
Michael N. Milby, Clerk of Court

| | |
|---|---|
| JIMMY D. LANE AND GRACE L. LANE, § § § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-04-3555 |
| § § | |
| ALLSTATE INSURANCE COMPANY and ALLSTATE TEXAS LLOYDS, § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Allstate Texas Lloyds's Motion for Summary Judgment (Docket # 38) and the parties' Agreed Motion for Leave to File Plaintiffs' Response to Allstate Texas Lloyds's Motion for Summary Judgment (Docket # 61). The Court finds that Plaintiffs' response was timely filed, and the Agreed Motion for Leave to File Plaintiffs' Response is therefore **DENIED AS MOOT**. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

This case arises out of claims by Plaintiffs Jimmy and Grace Lane for flood insurance and for homeowners policy benefits for damage to their home and its contents. On July 15, 2003, Plaintiffs' home and contents were allegedly damaged by wind and by flood. Thereafter, Plaintiffs made claims with Allstate Insurance Company under their flood insurance policy, and with Allstate Texas Lloyds under their homeowners insurance policy. Both carriers denied coverage, and Plaintiffs subsequently filed this lawsuit. In their Complaint, Plaintiffs allege

breach of contract, negligence and gross negligence, breach of express and implied warranties, and violations of the Deceptive Trade Practices Act and Texas Insurance Code.

Plaintiffs and Defendant Allstate Texas Lloyds ("Defendant") agree on the relevant provisions of the homeowners insurance policy at issue in this case. Under this policy, Defendant contracted to provide homeowners insurance to Plaintiffs for the policy period of July 1, 2003 through July 1, 2004. The declaration pages of the policy states that the "residence premises/dwelling" under the policy is "8 Bee St. Gulf Side Camp Tracks E2 3 Lot." In Section I – Property Coverage, on page three, the policy states that it covers "1. the dwelling on the residence premises shown on the declarations page including structures attached to the dwelling" and "2. other structures on the residence premises set apart from the dwelling by clear space." The policy's definition section, also on page three, provides that "'[r]esidence premises' means the residence premises shown on the declarations page. This includes the one or two family dwelling, including other structures, and grounds where an insured resides or intends to reside within 60 days after the effective date of this policy."

The parties also agree that at the time of loss on July 15, 2003, Plaintiffs' home was not located at the 8 Bee Street location specified on the declarations page of the policy. Rather, on July 15, 2003, Plaintiffs home was on a trailer to be mounted on posts at 1379 FM 2031, Matagorda, Texas 77457. Plaintiffs' Response to Defendant's Motion for Summary Judgment at 4. Plaintiffs allege that the home and its contents had to be removed from the 8 Bee Street location to avoid being destroyed. Plaintiffs also allege, and Defendant does not dispute, that Plaintiffs intended to reside in their home at 1379 FM 2031 when their home was destroyed.

Plaintiffs and Defendant disagree, however, as to whether the damage caused to Plaintiffs' home on July 15, 2003 was covered under their homeowners policy. This

disagreement is, in part, the subject of the summary judgment motion currently before the Court. Defendant contends that Plaintiffs' claim is not covered by their homeowners policy because their house was not at the insured location at the time it allegedly sustained damage. On the contrary, Plaintiffs contend that because the policy covered structures and grounds where they intended to reside within 60 days after their policy's effective date, and because Plaintiffs intended to reside at the place where their home was located when damaged, the damage falls within the scope of coverage. The Court considers all of the parties' filings and arguments made at the hearing before the Court in deciding Defendant's Motion for Summary Judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material facts exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.*

"[A] complete failure of proof concerning an essential element of [Plaintiffs'] case necessarily renders all other facts immaterial" and "mandates the entry of summary judgment" for Defendant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If Defendant shows that

there is a lack of evidence to support Plaintiffs' case, Plaintiffs "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Kee*, 247 F.3d at 210 (quotation omitted). Plaintiffs cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

### B. Breach of Contract Claim

The interpretation of insurance policies is governed by the same rules that apply to the interpretation of contracts generally. *Schneider Nat''l Transp. v. Ford Motor Co.*, 280 F.3d 532, 537 (5th Cir. 2002); *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 99 F.3d 695, 700 (5th Cir. 1996). "The terms used in an insurance policy are to be given their ordinary and generally accepted meaning, unless the policy shows that the words were meant in a technical or different sense." *Canutillo*, 99 F.3d at 700.

When considering a motion for summary judgment in a case involving the construction of an insurance policy, the Court must determine whether the policy terms are ambiguous. *Id.* If an insurance policy is ambiguous and susceptible to more than one reasonable interpretation, it will be construed in favor of the insured. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 369 (5th Cir. 1998). The question of whether an insurance policy is ambiguous is a question of law for the Court to decide. *Canutillo*, 99 F.3d at 700. A policy is ambiguous if it can reasonably be interpreted to have different meanings. *Id.* An ambiguity does not arise, however, simply because the parties provide conflicting interpretations. *TIG Specialty Ins. Co. v. Pinkmonkey.com, Inc.*, 375 F.3d 365, 370 (5th Cir. 2004). "When the terms of an insurance policy are clear and unambiguous a court may not vary those terms." *Canutillo*, 99 F.3d at 700; *see also Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 407 (5th Cir. 1995) (finding that

"[i]f an insurance policy is worded so that it can be given only one reasonable construction, it will be enforced as written").

Here, Plaintiffs' homeowners insurance policy explicitly states that coverage extends only to dwellings and other structures situated on the residence premises, which are identified as "8 Bee St. Gulf Side Camp Tracks E2 3 Lot." Moreover, the policy's definition of "residence premises" as including the dwelling and grounds "where an insured resides or intends to reside within 60 days after the effective date of this policy" is unambiguous. Because homeowners may wish to secure insurance before taking up residence in their homes, the "intends to reside" clause allows for these homeowners to secure an effective insurance policy up to sixty days prior to the date they move into their homes. The "intends to reside" clause does not expand the scope of coverage to locations other than those named as the residence premises.

The "intends to reside" clause cannot reasonably be interpreted as Plaintiffs urge. Under Plaintiffs' line of argument, an insured could obtain a homeowners policy based on one address, and then move to an entirely different location, with a different risk of damage. This would allow the owners of homes located in areas with a high risk of damage to obtain less expensive policies by initially purchasing a policy for a location with a lesser degree of risk. Such a situation would undermine the risk assessment upon which insurance policies are based. Thus, although Plaintiffs intended to reside at the 1379 FM 2031 within sixty days of the effective date of their policy, the 1379 FM 2031 location cannot reasonably be interpreted as falling within the covered residence premises.

As Plaintiffs admit, their home was not located on the residence premises named in their insurance policy at the time it was damaged. Therefore, the damage to Plaintiffs' home was not

covered by the policy, and Defendant did not breach the policy by denying Plaintiffs' claims. Summary Judgment for Defendant on Plaintiffs' breach of contract claim is appropriate.

## C. Negligence Claim

Plaintiffs' Complaint alleges that Defendant is "guilty of acts of omission and commission amounting to negligence and gross negligence, including but not limited to the failure to exercise reasonable care in the carrying out of [D]efendant's duties to Plaintiffs." Compl. ¶ VII. Under Texas law, "[i]n order for a tort duty to arise out of a contractual duty, i.e. negligent failure to perform a contract, the liability must arise 'independent of the fact that a contract exists between the parties.'" *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (citing *United Serv. Auto. Assn. v. Pennington*, 810 S.W.2d 777, 783 (Tex. App.—San Antonio 1991, writ denied)). If a defendant's conduct is actionable only because it breaches a contract between the parties, the plaintiff's claim is solely contractual. *Higginbotham*, 103 F.3d at 460; *Pennington*, 810 S.W.3d at 783. Thus, Texas law does not recognize a cause of action in tort for negligent handling of insurance claims. *Higginbotham*, 103 F.3d at 460.

In this case, Plaintiffs have not alleged or demonstrated that Defendant had any duty to Plaintiffs apart from its duties under Plaintiffs' homeowners policy. Rather, Plaintiffs' claims of negligence appear to rest on Defendant's alleged failure to properly investigate and its denial of Plaintiffs' claim. As these duties arise under the insurance policy, and are therefore contractual in nature, Plaintiffs cannot maintain a separate claim for negligence. A summary judgment in favor of Defendant is appropriate as to Plaintiffs' negligence claim.

**D. Texas Deceptive Trade Practices Act and Texas Insurance Code Claims**

In order to establish a violation of the Texas Deceptive Trade Practices Act (DTPA) or the Texas Insurance Code, a plaintiff must demonstrate that the insurer breached its common law duty of good faith and fair dealing. *Higginbotham*, 103 F.3d at 460. In order to demonstrate such a breach, an insured must establish that there was no reasonable basis for denying or delaying payment of its claim, and that the insurer knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim. *Id.* at 459, *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988). If an insurer has a reasonable basis for denying or delaying payment of a claim, the insurer is not liable for bad faith, even if the insurer's decision is later determined to be erroneous. *Higginbotham*, 103 F.3d at 459; *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993). Moreover, where an insurer has denied a claim that is in fact not covered under its policy, there can be no claim of bad faith. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995).

Here, Plaintiffs have not established that Defendant had no reasonable basis for denying their claim. Rather, Plaintiffs claim was not covered under the language of their insurance policy, because their home was not situated at the insured location when it was damaged. Because Defendant reasonably denied Plaintiffs' claim, Plaintiffs cannot establish that Defendant acted with bad faith. Plaintiffs therefore cannot establish a claim under the DTPA or Insurance Code, and summary judgment for Defendant is appropriate.

**E. Breach of Warranty Claims**

Finally, Plaintiffs have not produced any evidence or argument supporting their claim that Defendant breached implied and express warranties to Plaintiffs. Accordingly, summary judgment for Defendant is proper.

## III. CONCLUSION

Defendant Allstate Texas Lloyds's Motion for Summary Judgment is **GRANTED**, and all claims against Defendant Allstate Texas Lloyd are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** this 21st day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**